UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BENJAMIN JAGODZINSKI,

                            Plaintiff,

              -against-

EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANSUNION, LLC; DISCOVER FINANCIAL
SERVICES, INC.; NAVIENT SOLUTIONS, LLC;
COLLECTION BUREAU HUDSON VALLEY,
INC.,

                            Defendants.
-------------------------------------------------------------

**MEMORANDUM & ORDER**

1:22-cv-05430 (ENV) (TAM)

VITALIANO, D.J.

      On September 12, 2022, plaintiff Benjamin Jagodzinski filed an action against defendants Navient Solutions, LLC ("Navient"), TransUnion, LLC ("TransUnion"), Experian Information Solutions ("Experian"), Discover Financial Services, Inc. ("Discover"), and Collection Bureau Hudson Valley, Inc. ("CBHV") in Kings County Supreme Court arising from the inclusion of allegedly false information on plaintiff's credit reports. Notice of Removal Ex. A, Dkt. 1-2, at 3. With timely removal, defendants have invoked the Court's original jurisdiction to entertain plaintiff's complaint, which seeks, *inter alia*, damages for violations of the Fair Credit Reporting Act ("FCRA"). Compl., Dkt. 14, ¶¶ 99–115.

      Currently before the Court is defendant Navient's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, defendant's motion to dismiss is DENIED.

---

[1] The rest of the defendants have been dismissed following the filing of notices of settlement. *See* ECF Nos. 32, 41 (TransUnion); 33, 43 (Experian); 44, 49 (Discover); and 45, 52 (CBHV).

1

Background[2]

This lawsuit is apparently sparked by a case of apparent stolen identity, as plaintiff alleges that his estranged father fraudulently incurred debts in plaintiff's name with multiple creditors, including federal student loans (the "Loans") with Department of Education ("DOE").  Compl., Dkt. No. 14, ¶ 30.[3]  Plaintiff alleges that he learned of the existence of the Loans on or about May 19, 2020, when his credit reports showed unknown accounts.  *Id.* ¶ 37.

Navient—a loan "furnisher" within the meaning of FCRA, *see* 12 C.F.R. § 1022.41—acted as the loan servicer for the Loans.  *Id.* ¶ 32.  As loan servicer, Navient furnished information to consumer reporting agencies ("CRAs"), including Experian and TransUnion, about the Loans.  *Id.* ¶ 35.  Plaintiff claims that, relying on the information that Navient provided, Experian and TransUnion included information about the Loans in their credit files on plaintiff, which they published to third parties, and which resulted in plaintiff being denied credit from multiple sources of credit.  *Id.* ¶¶ 37, 66–71, 80–85.

Jagodzinski alleges that he repeatedly disputed the accuracy of the accounts to the CRAs by complaining that the reported loans resulted from identity theft, and each time, the CRAs informed Navient of the disputes.  *Id.* ¶¶ 42–43, 46, 55–56, 61–62, 72, 77, 89, 94–95.  According to Jagodzinski, Navient never conducted a reasonable investigation of these disputes, in violation of FCRA § 1681s-2(b).  *Id.* ¶ 8.  Instead, he claims, Navient continued to falsely report to Experian and TransUnion that the Loans were valid.  *Id.* ¶¶ 52, 54, 62, 77.

---

[2] For purposes of this motion only, the facts taken from plaintiff's complaint are accepted as true, and all reasonable inferences are drawn in plaintiff's favor.  *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

[3] On August 7, 2020, in a separate criminal action against his father, plaintiff gave a supporting deposition to the New York State Police, in which he explained that his father had stolen his identity and fraudulently incurred debts, including the debts that gave rise to the instant matter.  *Id.* ¶ 38.

The complaint does not plead that Jagodzinski ever submitted any requests to DOE regarding his allegation of identity theft or sought a discharge of the Loans on that basis.

Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

As previewed earlier, when considering a Rule 12(b)(6) motion, a court "must accept as true all [facts alleged] in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n*, 517 F.3d at 115 (quoting *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591–92 (2d Cir. 2007)). However, that "'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Additionally, the motion court may properly consider documents attached or integral to the complaint, and any material documents of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2022).

Discussion

Despite the byzantine credit reporting system familiar to the millions of Americans who rely on credit cards and other methods of debt creation to make ends meet, Navient's motion to dismiss tees up a relatively straightforward legal question. Navient correctly explains that, under the Higher Education Act of 1965, 20 U.S.C. § 1070, *et seq.* ("HEA"), DOE has the sole power to

3

conclude that federal student loans are dischargeable due to identity theft, *see Dingle v. U.S. Dep't of Educ.*, 1:20-cv-183, 2023 WL 2622926, at *7 (E.D.N.Y. Mar. 15, 2023), but plaintiff has not sought a false certification discharge with the Secretary of Education, as contemplated by 20 U.S.C. § 1087(c)(1) and 34 C.F.R. § 685.215. Def. Mot., ECF No. 37-1, at 12–13. Navient therefore argues that its reporting of the Loans to the CRAs could not have violated FCRA because the Loans remain plaintiff's obligation "as a matter of law." *Id.* at 8. Plaintiff responds that Navient's argument is an "immaterial non sequitur": he "is not seeking and does not need a discharge of the fraudulent loans in this case" because discharge under HEA and damages under FCRA "are two separate and distinct remedies for two separate and distinct problems," and "[n]othing in HEA exempts furnishers of student loans"—like Navient—"from the requirements of FCRA, even in identity theft cases." Pl. Opp., ECF No. 37-3, at 6-7. The discrete question presented is therefore whether a defendant can be liable under FCRA for a failure to investigate plaintiff's claims of identity theft where the plaintiff has not sought discharge of the federal student loans under HEA.

Few courts, and none in the Second Circuit, have directly confronted this issue, and the mandate from those that have is mixed. In *Petrou v. Navient LLC*, favored for obvious reasons by defendant, the court granted Navient's motion to dismiss in factually analogous circumstances, concluding that "[t]he inclusion of undischarged student loans in plaintiff's credit report cannot be incomplete or inaccurate, particularly prior to any resolution of plaintiff's identity theft claim" by DOE. 2:17-cv-02033, 2018 WL 3020160, at *3 (S.D. Cal. June 15, 2018). Plaintiff responds to defendant's invocation of *Petrou* by referring to it as an "unreliable outlier case," Pl. Opp. at 12, and points the Court in the direction of two cases that declined to follow its reasoning. In *Doss v. Great Lakes Educ. Loan Servs.*, for example, the district court found *Petrou* unpersuasive for

4

"conflat[ing] a credit-reporting investigation under § 16821s-2(b) with an administrative loan discharge under 34 C.F.R. § 685.215(c)(5)." 3:20-cv-45, 2021 WL 1206800, at *7 n.14 (E.D. Va. Mar. 30, 2021). And in *Bowers v. Navient Sols., LLC*, the court rejected the same arguments for dismissal that defendant presses here after highlighting that "Navient fails to point to any administrative remedies available under the FCRA that plaintiff could have or should have exhausted," including by seeking discharge of the fraudulent loan under HEA. 2:18-cv-166, 2018 WL 7568368, at *3 (M.D. Al. Dec. 27, 2018), *report and recommendation adopted*, 2019 WL 2754482.

Though not cited by the parties, there is additional case law support for Jagodzinski's argument that *Petrou* is an outlier and should not be followed. For example, in *Walker v. Higher Educ. Loan Auth. of Mo.*, the court evaluated plaintiff's motion for summary judgment on its FCRA claim for failure to investigate alleged identity theft without reference to HEA. 1:21-cv-879, 2024 WL 3568576, at *10–11 (E.D. Cal. July 26, 2024). More to the point, the court rejected defendant's argument in its cross-motion for summary judgment that it satisfied any obligation under FCRA by referring the matter to DOE, pursuant to 34 C.F.R. § 685.215. *Id.* at *12 (defendant "fails to establish how this Department of Education regulation, which concerns procedures for the government's discharge of student loans in various circumstances, has any bearing on [defendant's] statutory obligation under the FCRA . . . to provide accurate information to credit reporting agencies and to investigate and correct any prior incorrect reports when properly presented with a dispute."). And in *Ingram v. Experian Info. Sols., Inc.*, the court concluded that plaintiff need not "follow the administrative process laid out by the HEA to seek a discharge of the fraudulently obtained loan before commencing [FCRA] litigation." 2:16-cv-210, 2017 WL 2507694, at *3 (N.D. Miss. June 9, 2017).

5

The Court finds the argument pressed by Jagodzinski, and the authorities he advances in support of it, far more persuasive than the rationale embraced by defendant Navient. As a preliminary matter, furthermore, Navient does not help itself by advancing its contorted view that it is prevented from making an identity theft determination because "federal law places that responsibility *exclusively* with [DOE]." Def. Mot. at 8. FCRA unambiguously states that "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided . . . to a CRA," furnishers, like Navient, "*shall* conduct an investigation with respect to the disputed information" and "report the results of the investigation to the consumer reporting agency[.]" 15 U.S.C. § 1681s-2(b)(1)(A)–(C) (emphasis added). If, following investigation, "the information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified," the furnisher is instructed to "promptly" "modify" or "delete" the information, or "permanently block" its reporting. 15 U.S.C. § 1681s-2(b)(1)(E).

Moreover, there is an entire section of FCRA dedicated to the "duties of furnishers upon notice of identity theft-related information," which requires furnishers to "have in place reasonable procedures to respond to any notification that it receives from a [CRA] relating to information resulting from identity theft." 15 U.S.C. § 1681s-2(a)(6). Tellingly, this section does not reference HEA or its discharge procedures. Simply put, nothing in FCRA remotely suggests the existence of an identity-theft exemption to the duty to investigate. Had Congress intended to cede FCRA-mandated identity-theft investigations in cases of federal student loans to the Secretary of Education, it could have done so. But the plain text of FCRA makes clear that the duty to investigate it places on furnishers like Navient operates independently of HEA's discharge requirements. *Cf. Williams v. Student Loan Guarantee Found. of Ark.*, 5:12-cv-02940, 2015 WL 241428, at *15 (N.D. Al. Jan. 20, 2015) ("The HEA clearly contemplates the existence and

6

overlapping effect of the FCRA, and it does not appear to directly conflict with the FCRA's requirement to investigate disputes and update credit reporting agencies on inaccuracies in the report.").

The conclusion that FCRA operates independently of HEA, even in cases of identity theft, is reinforced by the decision in *Ogunmokun v. Educ. Servs./PHEAA*, 1:12-cv-4403, 2014 WL 4724707 (E.D.N.Y. Sept. 23, 2014). In *Ogunmokun*—which Navient cites for the uncontested proposition that a plaintiff who desires a discharge of federal student loans due to identity theft is obligated to follow the procedures laid out in HEA, *see* Def. Mot. at 9—plaintiff's request to be discharged from consolidated student loans that he alleged resulted from identity theft was denied for failure to exhaust his administrative remedies under HEA. *Id.* at *4. But in addition to seeking discharge of his student loans, the plaintiff in *Ogunmokun* also brought claims under FCRA concerning the defendant's failure to investigate the alleged identity theft. *Id.* at *4. While the duty to investigate claim was also dismissed, it was on grounds wholly unrelated to HEA, suggesting that seeking discharge under HEA is not a necessary predicate to FCRA claims sounding in identity theft. *Id.* at *6–8 (explaining that the borrower's dispute failed to meet the statutory requirements of FCRA § 1681s-2b). Plaintiff is therefore correct that *Ogunmokun* "actively militates against Navient's position," as it "stands for the principle that only claims for discharge, and not FCRA claims, require HEA administrative exhaustion." Pl. Opp. at 8. Indeed, examples abound of courts evaluating the merits of a plaintiff's FCRA claim for failure to investigate potential identity theft *without* reference to HEA discharge proceedings. *See, e.g.*, *Hopkinson v. Penn. Higher Educ. Assistance Agency*, 1:19-cv-12290, 2022 WL 104912, at *12–14 (D. Mass. Jan. 11, 2022); *Morgan v. Trans Union LLC*, 1:19-cv-15262019 WL 5490624, at *2–4 (N.D. Ga. Aug. 26, 2019).

7

Both the plain text of the statute and the relevant case law make clear that a plaintiff bringing suit under FCRA for failure to investigate alleged identity theft in the provision of federal student loans need not have the loans discharged, pursuant to HEA, in order to succeed. Therefore, Navient's motion to dismiss is without substantial merit and must be denied.

## Conclusion

For the foregoing reasons, Navient's motion to dismiss is denied.

So Ordered.

Dated: Brooklyn, New York
       September 2, 2025

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge